The order below is hereby signed.

Signed: May 4 2026

Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br>**Compass Coffee, LLC,**<br>**Debtor.** | **Case No. 26-00005-ELG**<br><br>**Chapter 11** |
| **Jemal's Pappas Tomato's LLC.**<br>**Plaintiff,**<br><br>**v.**<br><br>**Compass Coffee, LLC, et al.**<br>**Defendants.** | **Adv. Pro. No. 26-10011-ELG** |

## ORDER APPOINTING JUDICIAL MEDIATOR

The Court having considered the *Motion for Entry of an Order Directing Mediation of the Landlord Actions and Related Claims* (ECF No. 13) filed by Compass Coffee, LLC and the arguments presented at a hearing held on April 30, 2026, and having determined that judicial mediation is appropriate in the above-captioned adversary proceeding, it is **ORDERED, ADJUDGED, AND DECREED** that:

1. The Honorable Frank J. Santoro is appointed as a judicial mediator (the "Mediator") in this matter. The Mediator shall have full authority to settle matters and to enter any orders necessary in furtherance of his settlement efforts.

2. The mediation processes and procedures and the duties of the Parties shall be determined by the Mediator.

3. The Parties shall comply with the Mediator's directions regarding the exchange of information and/or submission of memoranda or mediation statements should the Mediator so require.

4. Unless otherwise ordered by the Mediator in the Mediator's sole discretion, in addition to counsel, an authorized representative of each party with full and complete settlement authority shall attend the mediation.

5. No party shall be bound by anything said and/or done during the mediation unless either a written and signed stipulation is entered into, or the Parties enter into a written and signed agreement.

6. The mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with the mediation.

7. The Mediator shall retain the same immunity as he has as a judge under Federal law and the common law from liability for any act or omission in connection with the mediation, and from compulsory process to testify or produce documents in connection with the mediation.

8. The Parties shall provide a report (the "Mediation Report") to the Court of the results of the mediation immediately upon the conclusion of the mediation. Any resolution that is reached will be subject to Court approval after notice and opportunity for hearing in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

9. The Court will retain jurisdiction over any matters related to or arising from the mediation.

[Signed and dated above.]

Copies: Recipients of electronic notice